ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GATEWAY REGAL HOLDINGS, L.L.C., a
Delaware Limited Liability Company

No. 03-2008C

vs.

THE UNITED STATES

FILED
AUG 27 2003
U.S. COURT OF FEDERAL CLAIMS

**COMPLAINT**

Plaintiff, for its Complaint against defendants, alleges as follows:

**THE PARTIES**

1. Plaintiff Gateway Regal Holdings, L.L.C. is a limited liability company organized and existing under the laws of the State of Delaware, engaged in the business of operating a conference resort hotel in St. Louis, Missouri, and does business as the Millennium Hotel. Plaintiff is hereinafter referred to as the "Hotel."

**JURISDICTION AND VENUE**

2. The Court has exclusive jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1346(a)(2).

3. This action has been brought in the judicial district where plaintiff resides. Accordingly, venue is proper in this court in this Court pursuant to 28 U.S.C. § 1402(a).

**GENERAL ALLEGATIONS**

4. On or about November 7, 2001, the Hotel and Public Affairs International, Inc. ("PAI"), entered into a contract (the "Contract") to hold an event on behalf of the Internal Revenue Service, an agency of the United States of America, at plaintiff's hotel August 4

through August 10, 2002. A correct copy of the Contract is attached hereto as Exhibit A and incorporated herein by this reference.

5. Upon information and belief, PAI was authorized by a Contracting/Ordering Officer of the IRS to bind the IRS to the Contract with the Hotel. Accordingly, the United States of America is responsible for all obligations under the Contract.

6. During its August 2002 meeting, the Hotel provided to IRS an open account in connection with the services and goods rendered and provided pursuant to the Contract.

7. IRS accepted the goods and/or services and became bound to pay the Hotel its designated charges, which were reasonable and customary for such goods and services.

8. The goods and services the Hotel furnished and supplied to IRS were at the special insistence and request of IRS, and the goods and services were sold and provided in the regular course of business.

9. In consideration of the goods and services, on which a systematic record has been kept, IRS, through its agent, promised and became bound and liable to pay the Hotel the prices charged for such goods and services.

10. At the conclusion of the event, the balance due and owing by IRS, after applying payments and credits for such goods and services is $33,186.16.

11. In accordance with the Contract (at Section), IRS is liable for interest at the rate of one and one half percent (1.5%) per month on any outstanding balance thirty (30) days after billing.

12. IRS, through its authorized agent, was first presented with an invoice for the amount due on August 12, 2002. Pursuant to the Contract (at Section 5), interest began to accrue

thirty days later on September 11, 2002 at the rate of $16.26 per day, and continues to accrue until final payment is made.

13. Despite numerous demands for payment, IRS has failed and/or refused to pay the unpaid balance due on account in accordance with the terms of the Contract.

14. The Contract also provides that "[i]n the event any legal action is taken by either party against the other party to enforce any of the terms and conditions of this Contract, the it is agreed that the unsuccessful party to such action shall pay to the prevailing party therein all court costs, reasonable attorneys' fees and expenses incurred by the prevailing party."

15. IRS's failure to pay the unpaid balance due on account when due constitutes a breach of contract.

16. The Hotel has fully performed its obligations under the Contract and is not itself in breach of the Contract

17. Plaintiff legally owns and holds this claim, and has not assigned or otherwise transferred any part of it.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

A. For judgment against Defendant for the unpaid balance due on account in the amount of $33,186.16, in such amount as would be proven at trial, plus pre- and post-judgment interest at the Contract rate of 1.5% per month or the maximum amount allowed by law, whichever is less, running from June 20, 2003 until payment is made;

B. For plaintiff's reasonable attorneys' fees and costs in connection with litigation for the collection of amount due;

C. For such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 26th day of August, 2003.

RUDNER LAW OFFICES

By____________________________

Steven M. Rudner
RUDNER LAW OFFICES
5956 Sherry Lane, Suite 1310
Dallas, Texas 75225
(214) 373-1900
(214) 373-0087 (*fax*)
*Attorneys for Plaintiff*

# EXHIBIT A

MILLENNIUM HOTEL
ST. LOUIS

LETTER OF AGREEMENT

Date: October 30, 2001 Phone: 314-516-8114

Sales Contact: Barbara Koenig Fax: 314-241-6171

Contract Due Date: November 7, 2001

| | |
|---|---|
| Name of Organization: Public Affairs International, Inc. | |
| Contact: Mr. Ketan Shah | |
| Address: 11120 New Hampshire Avenue<br>Silver Springs, MD 20904 | |
| Phone: 301-593-0200 | Fax: 301-593-9053 |

**Section 1. Room Block**

| YEAR: 2002 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Day: | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
| Date: | 8/04/02 | 8/05/02 | 8/06/02 | 8/07/02 | 8/08/02 | 8/09/02 | 8/10/02 |
| Rooms: | 5 | 250 | 300 | 175 | 85 | 50 | 25 |
| Total Rooms: | 5 | 250 | 300 | 175 | 85 | 50 | 25 |

The Millennium Hotel and Public Affairs International, Inc. hereby agree that the above room block shall be reserved for Public Affairs International, Inc. at the rate set forth in Section 2 below. In the event that the Public Affairs International, Inc. requires a change in its meeting requirements, the terms of this Contract may only be amended by the parties in Section 8 Reductions to the Room Block or Meeting / Banquet Space Requirements are governed by Section 6 and Section 9 below.

**Section 2. Room Rates**

| | |
|---|---|
| Single: | $90.00 |
| Double: | $90.00 |
| Triple: | $100.00 |
| Quadruple: | $100.00 |

All Room Rates are net, non-commissionable. Based upon Public Affairs International, Inc. program requirements as outlined in this agreement, the Millennium confirms the following Group Rate inclusive of all taxes.

**Section 3. Reservation Method and Cut-off**

Rooming List or Individuals calling in to make reservations must be received by the cut-off date. The cut-off is ~~July 15~~, 2002. Reservation requests for all name changes or additions received after ~~July 15~~, August 4 2002 will be accepted on a space and rate availability basis up to Public Affairs International, Inc. block.

200 South 4th Street
St. Louis, Missouri 63102-1804 USA
Telephone 314.241.9500
Facsimile 314.241.6171
Reservations 866.866.8086
www.millennium-hotels.com

If Public Affairs International, Inc. rate is not available after August 4, 2002, the prevailing rack rates will apply for any reservations. All reservations must be either guaranteed to Public Affairs International, Inc. or guaranteed with individual credit card. Any cancellation after 4:00pm on the day prior is subject to one night room and tax. The Millennium Hotel St. Louis has a 24-hour cancellation fee.

**Section 4. Individual Payment Procedure**
Organization pays all scheduled function, individuals pay own room, tax and incidentals.

**Section 5. Credit Arrangements/Master Account**
A Master Account may be established by Public Affairs International, Inc. provided a credit application is filed and processed by the Millennium Hotel St. Louis. Credit approval must be granted at least fourteen (14) days in advance of check-in. In the event that credit is not requested by Public Affairs International, Inc. or is not approved, payment of Public Affairs International, Inc.'s total estimated Master Account shall be due to the Millennium Hotel St. Louis on February 28, 2002. Failure to remit the appropriate payment on a timely basis will result in cancellation of all arrangements outlined in this contract and Public Affairs International, Inc. shall be liable for the amount as described in the Cancellation provision set forth in Section 10 herein. For all approved direct billing, the balance beyond thirty (30) days from receipt of invoice will be charged a (1.5%) late fee per month and (18%) per year.

**Section 6. Guest Rooms**
Individual Check-in prior to the Millennium Hotel St. Louis' published check-in times is subject to availability. All ~~individual reservations and/or~~ VIP rooming lists must be received by July 15,2002 set forth in Section 3 above in order to protect the Public Affairs International, Inc.'s Room Block. Any reservations, which are not received prior to ~~July 15~~ Aug 4, 2002, will be automatically released, and subsequent reservations will be taken by the Millennium Hotel St. Louis on a space and rate availability basis. The special Room Rates offered to the (Group) in Section 2 are valid two (2) days prior to and after the meeting, subject to availability.

**Section 7. Parking** — Not Agreed To Charges
Parking is available at a garage directly connected to the hotel ~~by an~~ enclosed walkway. Registered hotel guests have unlimited in-out privileges. The current self parking fee is $12.00 ~~per day~~. Day Parking will be $8.00 per day. ~~(no more than 8 hours)~~ Comp Parking no more than 3 Cars.

A guest's use of the parking lot shall not constitute a bailment between the Hotel and any such guest. All such parking is at the Hotel guest's sole risk and the Hotel shall have no liability for ~~any damage~~ to or loss of any guest's vehicle or its contents.

No We Do Not Consent

**Section 8. Special Concessions**
In the event that Public Affairs International, Inc. picks up a minimum of eighty percent (80%) of the aforementioned room block, the Millennium Hotel St. Louis, as a special consideration to Public Affairs International, Inc. will provide the following for use by Public Affairs International, Inc. over and above the complimentary rooms above. If pick-up is less than eighty percent (80%), these special considerations will no longer be available.

One (1) complimentary VIP Suite, August 4-10, 2002 - North Cabana Presidential - 2 Bedroom
Four (4) complimentary one-bedroom Suites, August 4-10, 2002 - North Cabana, (2) 1st floor (2) 2nd floor - 2 Bedroom
Six (6) one-bedroom Suites at Group Rate, August 4-10, 2002 – South Tower, (2) 10th floor, (4) 1st floor

Four (10) clubrooms at Group Rate, August 4-10, 2002 – North Tower, 24th floor - 27th floor
One (1) unit per every 50 paid rooms. This shall be computed by adding together the total paid rooms usage per night during the meeting period and dividing by 50. Complimentary room units may not be used as credits. Complimentary room nights not used have no value.

**Section 9. Deliveries**
Special arrangements must be made for receiving any equipment, goods, displays or other materials which will be sent, delivered or brought into the Millennium Hotel St. Louis. (This includes delivery of any food or beverage items that are also sold or furnished by the Millennium Hotel. The Millennium will not accept delivery of such items.) Failure to do this may result in deliveries being refused or materials being unavailable when required. The Millennium Hotel St. Louis receiving entrance is open 6am – 4pm Monday – Friday, and Saturday from 6am to 1:30pm. Any materials being sent to the Millennium Hotel St. Louis must be marked as follows:

1. Hold for Attention: Manager's Name, Guest's Name, Organization Name
2. Address Package: Millennium Hotel St. Louis
   Attn. Guest's Name
   200 South 4th Street
   St. Louis, MO 63102
3. Complete Return Address
4. Rhonda LaSee, Catering/Convention Services Manager
5. Number of Boxes (Example: Box 1 or 2, and Box 2 of 2)

**Section 10. Cancellation**
Should PAI decide to cancel this meeting any time after the confirmation of this contract, liquidated damages equal to $93,600 shall be paid by the ~~non~~-canceling party at the time of cancellation. The amount is agreed not to constitute a penalty.

Should it be necessary to cancel any or all of your scheduled food and beverage functions (see Section 6 ) after this agreement has been signed, the Millennium Hotel St. Louis will be entitled to liquidated damages (agreed not to constitute a penalty) based on the following scale:

** 91 – 180 days prior to the event, an amount equal to fifty (50%) percent of the estimated food, beverage and meeting rooms revenue based on the minimum estimated above.
** 0 – 90 days prior to the event, an amount of seventy-five (75%) percent of the estimated food, beverage and meeting room revenue based on the minimum estimated above.

**Section 11. Indemnification and Hold Harmless**
The Millennium Hotel St. Louis and Public Affairs International, Inc. each agree to defend, indemnify and hold harmless the other party from and against all claims, actions, cause of action or liabilities, including reasonable attorney's fees, and cost resulting from the defense of any claim, action, cause of action or liabilities arising out of or resulting from any act taken or acquired by the Millennium Hotel or Public Affairs International, Inc. pursuant to the performance of each party's obligation hereunder. The Millennium Hotel St. Louis and Public Affairs International, Inc. each agree to defend, indemnify and hold harmless the other party for any claim, action, cause of action and harmless which may be asserted by third parties arising out of the performance by either party's obligation pursuant to this Contract, except for the willful misconduct or gross negligence of the other party.

**Section 12. American With Disabilities Act**
As required by the Americans with Disabilities Act, the Hotel has a limited supply of guest rooms that are accessible to, and assistance equipment and aids for, persons with disabilities. The Group should advise the Hotel no later than 30 days before the First Meeting Date of any Group Guests who may require such equipment or aids and whether any additional equipment or services are needed. The Group or the Group Guest in question will be responsible for the costs of any required equipment or aids beyond what the Hotel has available.

Mutual Cooperation in identifying Special Needs - Public Affairs International, Inc. shall attempt to identify in advance any special needs of disabled registrants, faculty and guests requiring accommodation by the Millennium Hotel St. Louis and will notify the Millennium Hotel St. Louis in writing of such needs for accommodation as soon as they are identified to Public Affairs International, Inc.. Whenever possible, Public Affairs International, Inc. shall copy the Millennium Hotel St. Louis in writing of requests for accommodation which it may receive otherwise than through Public Affairs International, Inc. to facilitate identification by Public Affairs International, Inc. of its own accommodation obligations or needs as required by ADA.

**Section 13. Waiver**
If one party agrees to waive its right to enforce any term of this contract, it does not waiver its right to enforce each term or any or all other terms of this Contract at any other time.

**Section 14. Governing Law**
This Contract shall be governed by and construed under the laws of the State of Missouri. If any provision of the Contract is unenforceable under applicable law, the remaining provisions shall continue in full force and effect.

**Section 15. Attorneys' Fees**
In the event any legal action is taken by either party against the other party to enforce any of the terms and conditions of this Contract, it is agreed that the unsuccessful party to such action shall pay to the prevailing party therein all court costs, reasonable attorneys' fees and expenses incurred by the prevailing party.

**Section 16. Acceptance**
If the above meets with the Public Affairs International, Inc.'s approval, please sign below and return the original to the Hotel Sales Offices by November 5, 2001. If a signed copy of this Contract and the deposit (if required) are not required by this date, the space being held on Public Affairs International, Inc.'s behalf of Public Affairs International, Inc. and to enter into this Contract.

Barbara Koenig POR
Barbara Koenig, Millennium Hotel St. Louis
Director of National Sales-Accounts

Date: 11/7/01

Public Affairs International, Inc.

Date: 11/06/01

**PUBLIC AFFAIRS INTERNATIONAL**

**IRS NATIONAL ELECTRONIC FILING**

Meetings (Tuesday, 8/5, Wednesday, 8/6, and Thursday, 8/7
ALL mtg space (24 Hour Hold) BSE

Set-up will be completed by Monday, 6pm for your review and approval. 8/4/02 BSE

| | |
|---|---|
| Missouri | Seminar Room |
| Meramac | Seminar Room needs to be set by 2pm |
| Mississippi | Seminar Room |
| Illinois | Seminar Room |
| Jefferson A,B,C | Seminar Room |
| Jefferson D,E,F | Seminar Room |
| Lewis | (1) Seminar Room |
| Clark | (2) Seminar Room |
| St. Louis East | Commissioner |
| St. Louis West | Assistant Commissioner |
| Field | (3) Seminar Room |
| Laclede | (4) Seminar Room |
| Shaw | Speaker Ready Room |
| Soulard | (5) Seminar Room |
| Dugout | Exhibitor Presentation Room |
| South Tower | |
| 1st Floor Hospitality | (6) Focus Room |
| New meeting Room – Seminar | |

East and West Assembly Area set-up Monday, 8am. 8/4/02 BSE

Friday
Laclede (1) Problem Resolution

South Exhibition Hall Set-up Monday Afternoon 50 (8 x 10's)
However the Hall does not include the following: Set-up 7am – 9pm

Drayage, decoration, including drapes, rails, signs, guard service, labor, gas and water supply, cleaning and maintenance of individual booths, tables out of our inventory, or electrical service.

| Food & Beverage | |
|---|---|
| Continental Breakfast (C.O.D. ~~Exhibit Area~~ Registration Area) | 3 days BSE |
| C.O.D. Lunches in Exhibit Area | 3 days |
| Reception * Tuesday in Exhibit Area | Exhibit Area |
| Dinner * Wednesday (300 people) | Ballroom Area |

** The Millennium has all space on meeting level to accommodate the above proposed agenda.

* Dove Bars $2.25 inclusive of taxes For Tuesday 8/5/02 BSE

[signature]

BSE