IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GATEWAY REGAL HOLDINGS, L.L.C., a Delaware Limited Liability Company, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2008C (Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM PURSUANT
TO STANDARD SPECIAL PROCEDURE 6(a)(i)

Pursuant to the Court's October 9, 2003 order, we respectfully submit the following memorandum briefly identifying the factual and legal bases for our anticipated motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In short, there is no privity of contract between the plaintiff and the United States. Accordingly, plaintiff's action does not lie within the jurisdiction conferred upon this Court by 28 U.S.C. § 1491(a). In support of this memorandum, we rely upon plaintiff's complaint, the attachment to that complaint, and the appendix accompanying this memorandum.

DEFENDANT'S MEMORANDUM

I. STATEMENT OF THE FACTS

Plaintiff, Gateway Regal Holdings, L.L.C. ("Gateway"), seeks relief pursuant to the Tucker Act, 28 U.S.C. § 1491, alleging

that the United States is liable to Gateway upon an agreement executed by the Millennium Hotel and Public Affairs International, Inc. ("PAI"). Complaint ("Compl.") ¶¶ 1, 4, App. 20-24 (contract between the Millennium Hotel and PAI).[1]

On February 7, 2000, PAI entered into contract number TIRNO-00-D-00004 with the Internal Revenue Service ("IRS") to arrange nationwide electronic tax forum conferences and exhibitions. App. 1-2. As a contractor, PAI was responsible for selecting and hiring subcontractors, including hotels, to provide lodging at the conferences. App. 4, 6. PAI was required contractually to make payment to subcontractors from fees PAI collected from vendors and attendees participating in the conferences. App. 9.

On November 7, 2001, the Millennium Hotel, operated by Gateway, entered into a contract with PAI. Compl. ¶¶ 1, 4. The agreement provided that the Millennium Hotel would reserve a block of rooms for PAI during the week of August 4-10, 2002. Compl. ¶ 4, App. 20-24. PAI agreed to provide payment to the Millennium Hotel for all approved direct billing upon a master account established by PAI. App. 21. PAI accepted the services provided by the Millennium Hotel in accordance with the terms of their agreement, but did not provide payment.

---

[1] "App. __" refers by page number to the appendix filed with this memorandum.

The complaint seeks recovery from the Government alleging that, "PAI was authorized by a Contracting/Ordering Officer of the IRS to bind the IRS to the Contract with the Hotel." Compl. ¶ 5. However, PAI had no contractual authority or prior permission by a contracting officer to bind the United States in contract. App. 16 ¶¶ 6, 7, 18 ¶¶ 5, 7.

In the complaint, Gateway seeks $33,186.16 pursuant to the contract between PAI and the Millennium Hotel. Compl. ¶ 10; Compl., unnumbered paragraph following ¶ 17. In the complaint, Gateway also seeks pre- and post-judgment interest at the rate of 1.5% per month pursuant to the Credit Arrangements - Master Account clause in the contract between the Millennium Hotel and PAI. Compl., unnumbered paragraph following ¶ 17, App. 21.

II. No Privity Exists Between Gateway And The United States

To demonstrate this Court's jurisdiction over a contract claim, the plaintiff must demonstrate privity of contract between itself and the United States. Merritt v. United States, 267 U.S. 338, 340-41 (1925) (no jurisdiction pursuant to the Tucker Act because there was no privity between the subcontractor and the United States); National Leased Housing Assoc. v. United States, 105 F.3d 1423, 1435-47 (Fed. Cir. 1997) (privity of contract is required to establish jurisdiction); United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983) ("the no-privity rule is synonymous with a finding that there is no

express or implied contract between the government and a subcontractor"); Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002); Lockheed Martin Corp. v. United States, 50 Fed. Cl. 550, 554-55 (2001); Maniere v. United States, 31 Fed. Cl. 410, 416 (1994).

Gateway has the burden of establishing that the Court of Federal Claims possesses jurisdiction under the Tucker Act to entertain the complaint. Reynolds v. Army and Air Force Exchange Service, 847 F.2d 746, 748 (Fed. Cir. 1988); see McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Where the underlying jurisdictional facts are challenged, plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. See, e.g., Cubic Def. Sys. Inc. v. United States, 45 Fed. Cl. 239, 245 (1999).

To meet its burden of proof in this case, Gateway must demonstrate that there is privity of contract between Gateway and the United States. Merritt v. United States, 267 U.S. at 340-41; National Leased Housing Assoc. v. United States, 105 F.3d at 1435-47; United States v. Johnson Controls, Inc., 713 F.2d at 1550 ("the no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor").

Gateway fails to meet its burden because it has not demonstrated privity of contract with the United States.

Instead, Gateway has merely demonstrated a contract with PAI. Compl. ¶ 4, App. 20-24.

In the common law, there is a narrow exception to the general rule that a subcontractor is never in privity with the United States. Gateway has not demonstrated in the complaint that Gateway can meet the stringent conditions of this narrow exception.

In the common law, a subcontractor may be deemed in privity with the United States when the following conditions are met:

> The prime contractor was
>
> (1) acting as a purchasing agent for the government;
>
> (2) the agency relationship between the government and the prime contractor was established by clear contractual consent; and
>
> (3) the contract stated that the government would be directly liable to the vendors for the purchase price.

National Leased Housing Assoc. v. United States, 105 F.3d at 1435-36 (emphasis added). A person seeking to establish privity through this exception must demonstrate that it meets all three criteria. Id. Gateway has not shown any of the three necessary criteria for deemed privity of contract. Indeed, those criteria are not met in this case because no such provisions exist in the prime contract between PAI and the United States.

## CONCLUSION

The complaint does not demonstrate privity of contract with the United States. Therefore, the Government intends to file a motion to dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

S/ ALAN J. LO RE
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-307-0277
Fax: 202-514-8624

Attorneys for Defendant

Of Counsel:
DAVID K. BARNES
Attorney
Public Contract Law Branch
Chief Counsel
Internal Revenue Service
General Legal Services
950 L'Enfant Plaza, S.W.
Floor 2
Washington, D.C. 20024
Tele: 202-283-7953
Fax: 202-283-7976

October 22, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ____ day of October 2003, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S MEMORANDUM PURSUANT TO STANDARD SPECIAL PROCEDURE 6(a)(i)" addressed as follows:

Steven M. Rudner
Rudner Law Offices
5956 Sherry Lane, Suite 1310
Dallas, Texas 75225

______________________________

**APPENDIX**

# APPENDIX


| Item | Page |
|---|---|
| Award/Contract TIRNO-00-D-00004 | 1 |
| Krough Declaration | 16 |
| Ransom Declaration | 18 |
| "Letter of Agreement" | 20 |