IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GATEWAY REGAL HOLDINGS, L.L.C., a Delaware Limited Liability Company, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2008C (Chief Judge Edward J. Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), and this Court's November 6, 2003 order, defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction. In short, there is no privity of contract between the plaintiff and the United States. Accordingly, plaintiff's action does not lie within the jurisdiction conferred upon this Court by 28 U.S.C. § 1491(a). In support of this motion, we rely upon plaintiff's complaint, the attachment to that complaint, the following brief, and the appendix accompanying this brief.

DEFENDANT'S BRIEF

QUESTION PRESENTED

Whether this Court possesses jurisdiction to consider a contract claim, where plaintiff's complaint fails to demonstrate privity of contract between the plaintiff and the United States.

STATEMENT OF THE FACTS

Plaintiff, Gateway Regal Holdings, L.L.C. ("Gateway"), seeks relief pursuant to the Tucker Act, 28 U.S.C. § 1491, alleging that the United States is liable to Gateway under the terms of an agreement executed by the Millennium Hotel and Public Affairs International, Inc. ("PAI"). Compl. ¶¶ 1, 4, App. 20-24 (contract between the Millennium Hotel and PAI).[1]

On February 7, 2000, PAI entered into contract number TIRNO-00-D-00004 with the Internal Revenue Service ("IRS") to arrange nationwide electronic tax forum conferences and exhibitions. App. 1-2. As a contractor, PAI was responsible for selecting and hiring subcontractors, including hotels, to provide lodging at the conferences. App. 4, 6. PAI was contractually required to make payment to subcontractors from fees PAI collected from vendors and attendees participating in the conferences. App. 9.

On November 7, 2001, the Millennium Hotel, operated by Gateway, entered into a contract with PAI. Compl. ¶¶ 1, 4. The agreement provided that the Millennium Hotel would reserve a block of rooms for PAI during the week of August 4-10, 2002. Compl. ¶ 4, App. 20-24. PAI agreed to provide payment to the Millennium Hotel for all approved direct billing upon a master account established by PAI. App. 21. PAI allegedly accepted the

---

1 Citations to "Compl. ¶" refer to a specific paragraph of plaintiff's complaint. "App. __" refers by page number to citations to the appendix accompanying this brief.

services provided by the Millennium Hotel in accordance with the terms of their agreement, but allegedly did not provide payment.

Plaintiff's complaint seeks recovery from the Government alleging that, "PAI was authorized by a Contracting/Ordering Officer of the IRS to bind the IRS to the Contract with the Hotel." Compl. ¶ 5. However, neither the prime contract between the United States and PAI, nor a contracting officer, authorized PAI to bind the United States in contract. App. 16 ¶¶ 6, 7, 18 ¶¶ 5, 7.

In the complaint, Gateway seeks $33,186.16 pursuant to the contract between PAI and the Millennium Hotel. Compl. ¶ 10; Compl. ¶ A following ¶ 17. Gateway also seeks pre- and post-judgment interest at the rate of 1.5% per month pursuant to the Credit Arrangements - Master Account clause in the contract between the Millennium Hotel and PAI. Compl. ¶ A following ¶ 17, App. 21.

SUMMARY OF ARGUMENT

Gateway's complaint demonstrates that, having entered into contract only with PAI, Gateway is a subcontractor lacking privity of contract with the United States. Gateway did not enter into contract with the United States because PAI is not an agent authorized to bind the Government in contract. Moreover, Gateway cannot demonstrate that it meets the criteria for the narrow common law exception for subcontractor privity. Gateway

cannot demonstrate any basis for privity of contract with the United States. Accordingly, it has failed to meet its jurisdictional burden, and its complaint should be dismissed.

ARGUMENT

I. Standard Of Review Upon Motion To Dismiss

In general, this Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Subject matter jurisdiction, however, may be challenged by the parties or raised by the Court at any time, and, if jurisdiction is found to be lacking, the Court must dismiss the action. See RCFC 12(h)(3). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Notwithstanding this general rule, it is well settled that where the movant challenges specific jurisdictional facts set forth in the complaint, the Court may consider all relevant evidence (including matters not raised in the pleadings) and make any factual findings necessary to resolve the issue of jurisdiction. See, e.g., Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985),

cert. denied, 479 U.S. 820 (1986); Maniere v. United States, 31 Fed. Cl. 410, 413 (1994). Where the underlying jurisdictional facts are challenged, plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. See, e.g., Cubic Def. Sys. Inc. v. United States, 45 Fed. Cl. 239, 245 (1999). As we demonstrate below, Gateway cannot meet this burden.

## II. Gateway Has Failed To Establish Any Basis For Privity Of Contract With The United States

In its complaint, Gateway alleges, without any factual support, that it is entitled to damages because PAI was authorized to bind the Government in contract. Compl. ¶ 5. Because, as we establish below, Gateway fails to demonstrate that PAI was an authorized agent of the Government, or that any other basis for privity of contract with the United States exists, this Court should dismiss its complaint for lack of subject matter jurisdiction.

### A. Gateway Did Not Enter Into Contract With The United States

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984). Its jurisdiction to entertain a suit and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States

v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity of the United States cannot be implied, but must be unequivocally expressed by Congress. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Absent congressional consent to entertain a claim against the United States, the Court of Federal Claims lacks authority to grant relief. Testan, 424 U.S. at 399; Sherwood, 312 U.S. at 586.

The Tucker Act, 28 U.S.C. § 1491, defines the general jurisdiction of this Court. Testan, 424 U.S. at 397; Aetna Cas. & Sur. Co. v. United States, 655 F.2d 1047, 1051 (1981). Pursuant to the Tucker Act, this Court possesses jurisdiction to render judgment upon any monetary claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an Executive department, or upon any express or implied-in-fact contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1). However, the Tucker Act in itself does not create a substantive right enforceable against the United States for monetary damages. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Achenbach v. United States, 56 Fed. Cl. 776, 777 n.1 (2003); Milas v. United States, 42 Fed. Cl. 704, 710 (1999). For a plaintiff to invoke this Court's limited jurisdiction, he must allege an express or implied-in-fact contract with the United States or "'state a claim based on one

of the specific constitutional provisions, federal laws, or federal regulations that mandate payment of money damages.'" Smith v. United States, 51 Fed. Cl. 36, 37 (2001) (quoting Noel v. United States, 16 Cl. Ct. 166, 169 (1999)); Milas, 42 Fed. Cl. at 710.

Thus, to invoke this Court's jurisdiction over its contract claim, Gateway must demonstrate privity of contract between itself and the United States. Merritt v. United States, 267 U.S. 338, 340-41 (1925) (no jurisdiction pursuant to the Tucker Act because there was no privity between the subcontractor and the United States); National Leased Hous. Assoc. v. United States, 105 F.3d 1423, 1435-47 (Fed. Cir. 1997) (privity of contract is required to establish jurisdiction); United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983) ("the no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor"); Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002); Lockheed Martin Corp. v. United States, 50 Fed. Cl. 550, 554-55 (2001); Maniere v. United States, 31 Fed. Cl. 410, 416 (1994).

Gateway's complaint fails to demonstrate any basis of privity of contract with the United States. Instead, Gateway has merely demonstrated a contract with PAI. Compl. ¶ 4, App. 20-24. Gateway has failed to meet its jurisdictional burden because,

even though PAI was authorized to enter into contracts upon its own behalf, PAI lacked authority to bind the Government in contract. App. 16-19.

### B. Gateway Meets None Of The Three Criteria For Common Law Subcontractor Privity

Under common law, there is a narrow exception to the general rule that a subcontractor is never in privity with the United States. Gateway has not demonstrated in its complaint that it can meet the stringent conditions of this narrow exception.

In the common law, a subcontractor may be deemed in privity with the United States when the following conditions are met:

> The prime contractor was
>
> (1) acting as a purchasing agent for the government;
>
> (2) the agency relationship between the government and the prime contractor was established by clear contractual consent; and
>
> (3) the contract stated that the government would be directly liable to the vendors for the purchase price.

National Leased Hous. Assoc., 105 F.3d at 1435-36. A plaintiff seeking to establish privity through this exception must satisfy all three criteria. Id.

Here, Gateway has demonstrated none of the three necessary criteria for deemed privity of contract. First, Gateway's complaint fails to demonstrate that PAI acted as a purchasing agent for the Government. Second, Gateway's complaint fails to

establish that the prime contract between PAI and the United States clearly created an agency relationship. Finally, Gateway's complaint does not demonstrate that the prime contract between PAI and the United States provided that the Government would be directly liable to vendors. Indeed, none of the three criteria for subcontractor privity is met in this case because no such provisions exist in the prime contract between PAI and the United States.

C. Gateway Is Not A Third-Party Beneficiary

Gateway's complaint has neither alleged nor demonstrated that Gateway is an identified, direct third-party beneficiary of a Government contract as a basis for establishing privity with the United States. Gateway fails to allege or demonstrate that Gateway was the intended direct beneficiary of a contract with the United States. See Chancellor Manor v. United States, 331 F.3d 891, 901 (Fed. Cir. 2003) ("in order to prove third-party beneficiary status, Appellants must demonstrate that the contract not only reflects an express or implied intention to benefit the party, but that it reflects an intent to benefit the party directly"); Maher v. United States, 314 F.3d 600, 605 (Fed. Cir. 2002) (third-party beneficiary status is an "exceptional privilege," requiring a party to show that the contract was intended for his direct benefit) (citations omitted). Nowhere in Gateway's complaint does Gateway allege that the contract between

PAI and the Government intended to benefit Gateway directly. Gateway's complaint is facially insufficient to establish that Gateway was a direct third-party beneficiary of a Government contract.

Because Gateway is unable to demonstrate privity of contract with the United States, this Court is without jurisdiction to adjudicate plaintiff's claim. RCFC 12(b)(1). Accordingly, the Court should order this action dismissed.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court grant this motion and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

S/ KELLY B. WEISS
KELLY B. WEISS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-307-1011
Fax: 202-514-8624

Attorneys for Defendant

Of Counsel:
DAVID K. BARNES
Attorney
Public Contract Law Branch
Chief Counsel
Internal Revenue Service
General Legal Services
950 L'Enfant Plaza, S.W.
Floor 2
Washington, D.C. 20024
Tele: 202-283-7953
Fax: 202-283-7976

December 4, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ___ day of December 2003, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S MOTION TO DISMISS" addressed as follows:

Steven M. Rudner
Rudner Law Offices
5956 Sherry Lane, Suite 1310
Dallas, Texas 75225

______________________________

# APPENDIX

# APPENDIX


| Item | Page |
|---|---|
| Award/Contract TIRNO-00-D-00004 | 1 |
| Krough Declaration | 16 |
| Ransom Declaration | 18 |
| "Letter of Agreement" | 20 |